**STATE of Iowa, Appellee,**

v.

**Billy Joe ARMENTO, Appellant.**

No. 59135.

Supreme Court of Iowa.

July 29, 1977.

Clark L. Holmes of Holmes, Ralph & Kutmus, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and Dan L. Johnston, County Atty., Donald F. Starr, Asst. County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant Billy Joe Armento appeals his conviction and sentence for first-degree murder in violation of § 690.2, The Code. The State's case was based on evidence defendant and Lawrence Kocher were hired by Marion Archer King to kill King's wife. She was slain by gunshot in Des Moines on March 12, 1975. Kocher testified for the State in the joint trial of King and Armento, both of whom were convicted as charged. We recently affirmed on King's appeal. See State v. King, 256 N.W.2d 1 (Iowa 1977). The only different issue raised in defendant's appeal is whether the trial court erred in refusing to allow defendant to ask Kocher what he believed the penalty to be for first-degree murder. We find no reversible error and affirm the trial court.

The contentions in this appeal which were also urged in King are that the trial court erred (1) in overruling defendant's pretrial motion to remove Donald Starr as prosecutor, (2) in sustaining the State's motion to allow testimony of additional witnesses under § 780.11, The Code, (3) in overruling defendant's motion for new trial on the

ground of judicial misconduct, and (4) in overruling his motion for new trial because of State nondisclosure of an alleged offer of immunity to Kocher. Our opinion in *King* is dispositive of these contentions. We find them to be without merit on the same basis in this appeal.

Defendant's different assignment of error is that the trial court erred in limiting his interrogation of Kocher regarding his motive in testifying for the State. Kocher was recalled to the stand by the defense during the presentation of defendant's evidence. Defendant sought to show Kocher's testimony for the State was motivated by his desire to avoid the penalty for first-degree murder. The following occurred:

Q. Mr. Kocher, let me begin by saying after you were charged preliminarily with the crime of murder of Anne King, isn't it a fact that you were aware that the punishment for murder in the first degree is life in prison?

(Assistant County Attorney): * * * I object to that as having no bearing on any issue in this case.

(The Court): Sustained. Punishment is not a matter for the jury.

\* \* \* \* \* \*

Q. Mr. Kocher, while you were in jail and in custody by the State of Iowa, were you aware of the penalty for murder in the first degree? A. Yes.

Q. Isn't it a fact that that awareness caused you to color your testimony throughout the duration of the State's examination? A. No.

In an offer of proof defendant showed Kocher believed the penalty for first-degree murder to be life imprisonment without parole, which it is. See §§ 247.5, 690.2, The Code.

In making the offer of proof defense counsel alerted the court to his theory of admissibility. Nevertheless, the trial court refused to allow the evidence, saying, "I think it would be unfair to the State to have this witness or any witness testify specifically as to what the penalty is." Defendant assigns this ruling as error.

We are concerned here with an effort to impeach a witness by showing his bias or interest. The right of a party to impeach a witness in this way is well established. *State v. Van Rees,* 246 N.W.2d 339, 345–347 (Iowa 1976); *State v. Carney,* 236 N.W.2d 44, 46 (Iowa 1975); *State v. Droste,* 232 N.W.2d 483, 489–490 (Iowa 1975); *State v. Peterson,* 219 N.W.2d 665, 671 (Iowa 1974). A defendant should be permitted wide latitude in seeking to show bias of an alleged accomplice who testifies for the prosecution. The pendency of the same charge against an accomplice creates a reason for him to testify favorably for the State to curry favor in order to obtain leniency. See IIIA Wigmore on Evidence §§ 949, 967 (Chadbourn Rev. 1970).

The principle involved here is accurately stated in Annot., 62 A.L.R.2d 610, 624, as follows:

The rule allowing great or liberal latitude in the cross-examination by defendant of a witness for the prosecution, with respect to his motive for testifying, is especially applicable where such witness is a codefendant or accomplice of the accused, * * * and whose testimony against defendant may be influenced by a promise of, or hope or expectation of, immunity or leniency with respect to his case as a consideration for testifying against defendant.

Here, with the one exception on which error is predicated, defendant was accorded full advantage of this principle. Kocher's role as accomplice was disclosed. Defendant explored his motivation by extensive inquiry of Kocher and other witnesses regarding plea negotiations and leniency expectations. As part of this effort defendant successfully laid before the jury the inference, denied by Kocher, that Kocher's testimony for the State was motivated in part by a desire to avoid the penalty for first-degree murder. He was prevented only from having Kocher tell the jury what he believed the penalty to be.

Defendant contends he was entitled to inform the jury what Kocher thought the penalty was for first-degree murder so the

jury could more accurately assess his motivation. It appears the trial court concluded it would be unfair to the State for the jury to know the penalty for first-degree murder. The evidence was apparently excluded under the principle that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. See *State v. Harmon,* 238 N.W.2d 139, 144–145 (Iowa 1976).

However, we think it is unrealistic to suggest the jury would not already be aware that the penalty for first-degree murder is most severe. In light of this fact, it was unreasonable for the trial court to hold the State might be unfairly prejudiced if the jury learned what Kocher believed the penalty for first-degree murder to be. The ruling violated the principle allowing liberal cross-examination to show bias. See *State v. Kent,* 4 N.D. 577, 62 N.W. 631 (1895); Annot., 62 A.L.R.2d 610. The trial court should have permitted the inquiry.

Nevertheless, we do not believe the court's ruling requires reversal. The presumption of prejudice is dispelled by the same analysis which shows the State would not be unfairly prejudiced if the evidence were received. The jury obviously knew first-degree murder carries a most serious penalty. That the jury did not known precisely what Kocher believed the penalty to be could not materially have affected the jury's impression of his motivation in testifying for the State. In these circumstances it does not sufficiently appear that his rights were injuriously affected or that he suffered a miscarriage of justice. See *State v. Trudo,* 253 N.W.2d 101, 107 (Iowa 1977). The trial court's ruling was not reversible error. See *State v. Sampson,* 248 Iowa 458, 79 N.W.2d 210 (1956).

AFFIRMED.