Orville LUKE, Appellant,

v.

STATE of Iowa, Appellee.

No. 89–1245.

Court of Appeals of Iowa.

Nov. 29, 1990.

See also, 368 N.W.2d 733.

Michael J. Schilling, Burlington, for appellant.

Thomas J. Miller, Atty. Gen., James Kivi, Sheryl A. Soich, Asst. Attys. Gen., and Michael P. Short, County Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ., but considered en banc.

DONIELSON, Judge.

In 1983 Orville Luke was accused of setting a fire in an apartment complex. Three persons died in the fire. After a jury trial, Luke was convicted of three counts of first-degree murder and one count of first-degree arson. We affirmed these convictions in an unreported opinion. *State v. Luke*, 368 N.W.2d 733 (Iowa App.1984).

Luke later filed the present application for postconviction relief challenging his convictions. The district court denied postconviction relief, and Luke has appealed.

Luke contends he received ineffective assistance of counsel in his 1983 criminal trial. Luke claims trial counsel (1) failed to conduct a full investigation; (2) failed to timely object to certain evidence at trial; and (3) failed to aggressively cross-examine the State's chief witness, Vorhies.[1] Luke asserts he should be able to raise his ineffective assistance complaints in this postconviction action because the failure to raise them on appeal was a result of ineffective assistance of appellate counsel.

■ I. *Burden of proof and judicial review.* Ordinarily a proceeding under Iowa Code section 663A.1 et seq., the Uniform Postconviction Procedure Act, is at law and not de novo. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). But where the postconviction petitioner asserts violations of constitutional safeguards, such as the

---

1. Luke also contends trial counsel failed to allow Luke to present the defense he desired. This contention was presented neither on direct appeal nor in his application for postconviction relief. Luke may not raise this issue for the first time on appeal. *Patchette v. State*, 374 N.W.2d 397, 401 (Iowa 1985) (even claims of constitutional dimension may not be raised for the first time on appeal). Furthermore, Luke can point to nothing in the record which supports this contention.

denial of effective assistance of counsel, we make our own evaluation of the totality of circumstances equivalent to de novo review. *Id.*

■ A defendant in a criminal trial is not entitled to perfect representation, but only to that which is within the range of normal competency. *Cuevas v. State,* 415 N.W.2d 630, 632 (Iowa 1987). We presume counsel was competent; improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective counsel. *Id.*

■ The right to effective assistance of counsel also applies to assistance of counsel on appeal. *Hinkle,* 290 N.W.2d at 31 (citing *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). Appellate counsel's performance is measured by the same standards of competency applicable to trial counsel. *Id.*

■ Here, Luke shoulders the burden of proof to establish by a preponderance of evidence that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Hall v. State,* 360 N.W.2d 836, 838 (Iowa 1985). If the postconviction petitioner makes an insufficient showing on either prong of the two-part test, we need not address both components. *Bear v. State,* 417 N.W.2d 467, 472 (Iowa App.1987). In deciding the first prong, we require more than that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently. *Id.*

■ II. *Effectiveness of trial counsel.* Luke contends trial counsel, John Linn, was ineffective in representing him. In a thorough and well-reasoned opinion, the postconviction court rejected Luke's contentions. Because our review of the totality of the circumstances leads us to the same conclusions we affirm.

A. *Investigation.* Luke first argues trial counsel failed to conduct a full investigation of the facts and circumstances underlying the charges against him. Specifically, Luke points to Linn's failure to search a garage where Terry Vorhies claimed to have slept on the night of the fire. Luke contends a search of the garage might have produced evidence of cigarette butts or matches which could have been used to rebut Vorhies' testimony that he did not have access to incendiary devices on the night of the fire.

The postconviction court noted Vorhies testified he did not have matches or a lighter the evening of the fire, but found no prejudice resulted from the alleged failure to investigate the scene. The postconviction court wrote,

[E]ven if the investigation had turned up the types of physical evidence that Mr. Luke hoped, the presence of such physical evidence might be readily explained in a variety of ways which were not helpful to Mr. Luke. Because of the weaknesses of any inferences to be drawn from such evidence, if in fact it existed and was shown to have existed, Mr. Luke has not shown that there is a reasonable probability that the outcome of the criminal proceedings against him would have been different.

Concerning counsel's method of investigation of a particular case, the United States Supreme Court has opined that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitation on investigation." *Strickland v. Washington,* 466 U.S. 668, 690–91, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984). Our own supreme court has recognized that the duty to investigate and prepare a defense is not limitless. *See Schrier v. State,* 347 N.W.2d 657, 662 (Iowa 1984).

We are unwilling to say Linn's lack of investigation was unreasonable under the circumstances. Even assuming, for the sake of argument, Linn should have investigated the garage for potential rebuttal evidence, we conclude Luke has failed to show prejudice resulted. We agree with the trial court's conclusion that any aid which might have resulted from an investi-

gation of the garage is so speculative as to render Luke's contention without merit.

Luke next contends Linn failed to interview certain witnesses who might have contradicted Vorhies' testimony that Vorhies had never been down the east hallway of the apartment house at any time prior to the fire. Luke does not present evidence the witnesses would have, in fact, testified in this manner. Again, we are not persuaded by Luke's speculation. Luke has failed to show any prejudice resulted from a failure to interview these people.[2]

We are also not persuaded by Luke's contention that Linn should have obtained and introduced into evidence a second Bic lighter allegedly found at the scene of the fire. Like the postconviction court, we are unable to find any reference in the record that a second lighter was found. Counsel can hardly be found ineffective for failing to obtain nonexistent evidence.[3]

We conclude Luke's claims of "failure to investigate" are meritless.

B. *Objections.* Luke contends he asked that his attorney make certain objections at trial which were never made. First, he asked Linn to make an objection to the admission of the blue Bic lighter the State claimed was used to set the fire. Second, he asked Linn to object to certain comments made by the prosecutor during closing argument. Lastly, Luke asked Linn to move for a mistrial during the trial based on Luke's belief that the jury was not giving the case appropriate attention.

Luke contends foundational objections could have been made to the introduction of the lighter in that the record at trial was devoid of any indication the lighter worked on the day of the fire and there was no evidence the fire had been started by a lighter. We conclude there was evidence from which a jury could infer the lighter was working on the night of the fire and

from which the jury could infer the fire was started by a lighter. Linn's performance was not deficient in not objecting to this evidence, and further, Luke has failed to show prejudice.

Luke testified that he regularly wore an arm brace. The prosecutor made reference in closing argument to the fact Luke was not wearing an arm brace in a police photograph. Luke contends the prosecutor impugned Luke's credibility without basis in fact. Luke argues trial counsel should have objected to the prosecutor's comments because law enforcement officers required Luke to remove the splint prior to the picture being taken.

It is well established that during closing arguments counsel can urge all reasonable inferences which may be drawn from the evidence which do not misstate the facts. *State v. Hoffer*, 383 N.W.2d 543, 550 (Iowa 1986); *State v. Odem*, 322 N.W.2d 43, 47 (Iowa 1982). The prosecutor's arguments were well within this range and we decline to find defense counsel ineffective for failing to object.

Luke also complains of trial counsel's failure to move for a mistrial based on juror misconduct. Luke contends the jury was not giving the case appropriate attention but bases this contention solely upon the trial judge's statements about whether to send the case to the jury on a Friday. We find nothing in the record which would have supported a motion for mistrial on this basis and therefore Linn's performance was not deficient in failing to make the motion.

C. *Cross-examination of Vorhies.* Luke complains trial counsel failed to "aggressively" cross-examine the prosecution's chief witness, Terry Vorhies. Luke does not, and cannot argue that Linn failed to point out numerous inconsistencies in Vorhies' testimony, or that Linn

---

2. We also note that the record is far from clear as to whether Linn did or did not interview these witnesses. Linn was not called to testify at Luke's postconviction hearing and Luke testified only that, to the best of his knowledge, Linn did not interview the witnesses.

3. Luke's contention that Linn "failed" to obtain one of Vorhies' statements prior to trial is more appropriately a claim against appellate counsel and we will address it as such. Linn did not fail to request the statement from the prosecution.

failed to point out weaknesses in Vorhies' credibility. Rather, Luke argues, trial counsel did not attempt to point out every possible discrepancy or inconsistency in Vorhies' various statements and did not attempt to impeach him on every possible point or in every possible way.

We can understand Luke's desire to discredit Vorhies and his sense of necessity; Vorhies was the crux of the prosecution's case against Luke. However, the record shows that Linn presented substantial impeaching evidence, clearly brought out that Vorhies had lied on numerous occasions when under oath, presented evidence concerning numerous inconsistencies and discrepancies in Vorhies' testimony, and presented evidence from which the jury could find Vorhies had a motivation to lie. Trial counsel's performance was quite competent.

Luke next contends, even if none of his complaints alone amount to ineffective assistance of counsel, taken together the alleged inadequacies must constitute ineffectiveness. Because we have found Luke's individual complaints to be wholly without merit, we reject this argument.

▮ III. *Effectiveness of appellate counsel.* Luke complains that his appellate attorney, Linda Del Gallo, was ineffective in that she (1) did not adequately consult with and advise Luke; and (2) did not raise important issues on appeal.

▮ A. *Failure to request a limited remand.* Luke also argues his appellate attorney was ineffective because she failed to seek and obtain a limited remand for purposes of determining the propriety of the ineffective assistance of trial attorney claims. This claim was first raised on appeal from the denial of postconviction relief. Even if Luke's general claim of ineffective assistance of appellate counsel is treated as properly preserving this contention for review, Luke asserts, "[r]ecent Iowa Supreme Court decisions indicate that a limited remand during direct appeal is the preferred method for obtaining evidence concerning an effective assistance of counsel claim." Luke offers no authority for such a proposition. A failure to argue or

cite authority in support of an issue may be deemed a waiver of that issue. Iowa R.App.P. 14(a)(3); *see also Bush v. Iowa Dist. Ct. for Sac County,* 369 N.W.2d 424, 425–26 (Iowa 1985).

We also note Luke's assertion does not appear a correct statement of the law. In the area of effective assistance of counsel claims, we do not believe a preference has been enunciated.

> Ordinarily, when a limited remand is not requested under Iowa Rule of Appellate Procedure 12(g), we have considered postconviction proceedings under Iowa Code chapter 663A to be the best forum for resolution of ineffective assistance of counsel claims. *See State v. Powell,* 400 N.W.2d 562, 565 (Iowa 1987). This is so because in postconviction proceedings a full evidentiary hearing may be held, where counsel may respond to the defendant's charges or otherwise state for the record the reasons for actions which were taken at trial. *State v. Coil,* 264 N.W.2d 293, 296 (Iowa 1978).

*State v. Johnson,* 445 N.W.2d 337, 339 (Iowa 1989). We find no evidence of deficiency of appellate counsel's performance in the failure to seek a limited remand.

▮ B. *Consultation and advice.* Luke complains of appellate counsel's inadequate consultation and advice. We find no merit in this contention as the record indicates rather extensive written communications. As was the case with trial counsel, Luke's core complaint is that appellate counsel did not perform to Luke's satisfaction. Luke is not entitled to a "perfect" attorney; he is entitled to competent representation ensuring a fair trial. *State v. Halstead,* 362 N.W.2d 504, 508 (Iowa 1985). Nothing in the record indicates appellate counsel failed to adequately consult and advise Luke.

▮ C. *Issues not raised on appeal.* Contrary to Luke's contention, appellate counsel is not required to raise every nonfrivolous issue urged by the client. *See Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The United States Supreme Court has recog-

nized the superior ability of trained counsel in: the examination into the record, the research of the law, and the marshaling of arguments on the appellant's behalf. *Jones v. Barnes,* 463 U.S. at 751, 103 S.Ct. at 3312, 77 L.Ed.2d at 993. The Court has also emphasized, as have our own courts, the importance of not second-guessing the reasonable professional evaluations of counsel. *See, e.g., id.; State v. Risdal,* 404 N.W.2d 130, 133 (Iowa 1987); *Bear v. State,* 417 N.W.2d 467, 472–73 (Iowa App. 1987). Sound trial strategy generally dictates that only the most promising issues be raised on appeal. *Bear,* 417 N.W.2d at 474. Again, if appellate attorney's performance is within the range of normal competency, defendant has been provided effective assistance of counsel in the constitutional sense.

■ 1. *Failure to raise effective assistance of trial counsel.* We have already addressed Luke's contention of ineffective assistance of trial counsel and found it meritless. Appellate counsel breached no essential duty in, and Luke can show no prejudice resulted from, the failure to raise this issue on direct appeal.

■ 2. *Failure to raise evidentiary issues.* Luke contends appellate counsel should have argued three photos of burned bodies were improperly admitted over trial counsel's objections.

■ The basic test of admission of photographs is relevancy. *State v. Fuhrmann,* 257 N.W.2d 619, 624–25 (Iowa 1977). "Death pictures are not ordinarily excluded because they are gruesome ... for murder is by nature gruesome business." *State v. Hickman,* 337 N.W.2d 512, 515 (Iowa 1983). Trial courts have discretion in determining whether the value of pictures as evidence outweighs their prejudicial effect. *Id.* at 516. We cannot conclude the trial court abused its discretion in allowing these photos into evidence and, therefore, Luke has failed to show prejudice resulted from appellate counsel's failure to raise this issue on appeal.

■ 3. *Failure to raise suppression of evidence issue.* Luke argues the prose-

cution improperly withheld a statement of Vorhies until just prior to trial and appellate counsel was ineffective for failing to raise this issue on appeal.

We have examined the record and conclude evidence was not withheld from Luke. *See State v. Schatz,* 414 N.W.2d 840 (Iowa App.1987). Luke was given the statement and it was available to trial counsel for use in cross-examination. This issue is without merit and counsel's performance was not deficient in failing to raise it on appeal.

■ 4. *Failure to raise confrontation issue.* Vorhies was called as a prosecution witness. Vorhies had been charged with three counts of murder and two counts of arson (as was Luke) due to his involvement with the fire. Prior to trial the State dropped these charges, and Vorhies entered a plea of guilty to a misdemeanor charge and promised to provide testimony in Luke's trial.

On direct examination of Vorhies, the prosecution elicited testimony concerning the plea agreement. Vorhies testified he had been charged with three counts of murder and two counts of arson, these charges had been dropped in exchange for his testimony and his guilty plea, and he was now facing a two year sentence on a misdemeanor.

Trial counsel Linn began his cross-examination of Vorhies with the subject of this plea agreement.

Q. Your lawyer ever advise you of how much time you would actually do on a two year sentence?

[Prosecutor]: I object to that. That's irrelevant, incompetent and immaterial.

The court: Sustained.

Q. What's your belief of what would happen to you if you did not take the plea bargain and were convicted of three counts of murder and two counts of arson?

[Prosecutor]: I want to object to that and want to be heard outside the presence of the jury.

The court: Sustained to the objection. Overruled to the request.

Luke argues he was denied his right of confrontation by the improperly sustained objections.

In *State v. Armento*, 256 N.W.2d 228, 229 (Iowa 1977), our supreme court recognized that the right of a party to impeach a witness by showing bias or interest is well established. There the court noted,

> A defendant should be permitted wide latitude in seeking to show bias of an alleged accomplice who testifies for the prosecution. The pendency of the same charge against an accomplice creates a reason for him to testify favorably for the State to curry favor in order to obtain leniency.

*Id.*

The *Armento* court held it was error for the trial court not to allow the defendant's accomplice to testify what he believed the penalty for first-degree murder to be. However, the supreme court also found the ruling was not reversible error.

> The jury obviously knew first-degree murder carries a most serious penalty. That the jury did not known [sic] precisely what [the witness] believed the penalty to be could not materially have affected the jury's impression of his motivation in testifying for the State. In these circumstances it does not sufficiently appear that his rights were injuriously affected or that he suffered a miscarriage of justice.

This issue was again addressed in *State v. Horn*, 282 N.W.2d 717 (Iowa 1979). The *Horn* court followed *Armento*, and held a trial court's refusal to allow questions of a witness concerning the penalty for dropped charges was not reversible error.

Reversible error was found, however, in *State v. Donelson*, 302 N.W.2d 125 (Iowa 1981). The *Donelson* trial court allowed defense counsel only to elicit testimony that the witness had been promised a reduction of charges by the State from a felony to an aggravated misdemeanor. Relying upon *Donelson*, Luke contends the trial court committed reversible error in sustaining the prosecution's objections.

We conclude *Armento* and *Horn* are controlling in this instance. Luke's cross-examination of Vorhies was not as constrained as that in *Donelson*. In Luke's case, the jury was aware Luke was charged with three counts of first-degree murder and one count of first-degree arson. They were also aware Vorhies had been similarly charged. The jury obviously knew that three counts of first-degree murder carried the most serious penalties. The jury heard the serious charges against Vorhies had been dropped in exchange for Vorhies testimony and guilty plea to a charge which carried a two year sentence. Under these circumstances, we conclude the trial court did not commit reversible error in sustaining the prosecution's objections. Therefore, Luke has failed to show prejudice resulted from appellate counsel's failure to raise this issue on appeal.

We have carefully considered all of Luke's arguments. We find, based on the totality of the circumstances, that trial counsel's and appellate counsel's performance was within the range of normal competency. Luke has not carried his burden to show counsel's performance was deficient or any alleged deficient performance prejudiced him. The denial of postconviction relief is affirmed.

AFFIRMED.

All Judges concur except SCHLEGEL, J., who specially concurs.

SCHLEGEL, Judge (specially concurring).

I agree with the result reached by the majority. I am not prepared to hold that the complaints made by Luke concerning his trial counsel's claimed inadequacies entitle him to postconviction relief. Neither am I prepared to hold that Luke's complaints concerning appellate counsel show ineffective assistance of appellate counsel. For the most part, the issues raised by Luke to show ineffective assistance of appellate counsel would have been very unlikely of success in an appellate court.

I write, however, to voice my disagreement with the majority's reasoning in determining that appellate counsel was not ineffective. As I have stated in my special

**906**

concurrence in *Aguilar v. State*, No. 0–373, filed this date, I do not agree that counsel should not raise all nonfrivolous issues on appeal. I do not believe this is what *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), holds. That case dealt with the issue that appellate counsel was not ineffective for failing to raise *and argue* every issue the client urged him to argue. Chief Justice Burger, in dictum, volunteered the questionable statement that "experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." One can see the wisdom of selecting issues to *argue*, but it is quite a different matter to fail to *raise* issues which may have less chance of success. Further, I do not agree that the deference we grant to trial counsel in determining the tactical decisions made in the heat of trial or preparation for trial should be given to appellate counsel.

The majority relies in large part upon reasoning expressed in *Bear v. State*, 417 N.W.2d 467 (Iowa App.1987). In that case the majority quoted *Sims v. State*, 295 N.W.2d 420, 424 (Iowa 1980), for the proposition that "[a]s a matter of policy, if defense counsel must weigh every action on the scale of a potential subsequent ineffective counsel claim ... in the end the client's case will suffer." From this, the majority both here and in *Bear* draw the conclusion that "[s]ound trial strategy generally dictates that only the most promising issues be raised on appeal." *Supra* at 904 (citing *Bear v. State*, 417 N.W.2d 467, 474 (Iowa App.1987)). I submit that these conclusions are not warranted by the decisions of the Iowa cases. Likewise, to follow the dictum of the United States Supreme Court on this issue is to distort the meaning of that statement.

There is no good reason for appellate counsel to discard any issue on appeal on the thought that, strategically or tactically, it is better not to over-burden the appellate court. I do not believe it is proper for me to excuse counsel for failing to raise an issue on some perception by appellate counsel that to raise many issues will somehow prejudice his or her client. There is no

proper reason to avoid raising any issue which might be meritorious.

Appellate courts, so far as I am aware, are not courts of "limited issue access". Therefore, while I agree with the result reached, I object to the use of the cited language in the majority decision.