# IN THE COURT OF APPEALS OF IOWA

No. 21-0974
Filed December 7, 2022

**YARVON N. RUSSELL,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeff Farrell, Judge.

        Yarvon Russell appeals the denial of his application for postconviction relief.

**AFFIRMED.**

        Nicholas Einwalter, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

        Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Yarvon Russell appeals the denial of his application for postconviction relief (PCR). He alleges three claims of ineffective assistance of trial counsel, as well as a claim of actual innocence. We review his claims de novo. *See Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018) (stating that PCR review is de novo when "the basis for relief implicates a violation of a constitutional dimension"). Finding no basis for granting relief, we affirm.

**I. Background Facts and Proceedings.**

A jury found Russell guilty of second-degree murder for the August 2013 death of Richard Daughenbaugh, which occurred during a large gathering of young people near the Des Moines River.[1] Many took part in the attack on Daughenbaugh. Although Russell was in the crowd, the main dispute at trial was whether he was one of the perpetrators. Several witnesses saw Russell there but did not see him take part in the attack on Daughenbaugh.

Two witnesses connected Russell to the crime. The first was seventeen-year-old T.T., who identified Russell as one of the perpetrators during her interview with police two days after the attack but claimed she recalled nothing at trial. The State impeached T.T. with the statements she made to police by calling the police detective to testify to the substance of the statements. The other witness was

---

[1] The supreme court affirmed Russell's conviction on direct appeal. *State v. Russell*, 893 N.W.2d 307, 309, 313 (Iowa 2017). James Shorter and Kent Tyler were also convicted of Daughenbaugh's murder. The supreme court affirmed Shorter's conviction on direct appeal. *State v. Shorter*, 893 N.W.2d 65, 68–69 (Iowa 2017). It reversed Tyler's conviction and remanded for a new trial. *State v. Tyler*, 873 N.W.2d 741, 744–45 (Iowa 2016). Following remand, Tyler pled guilty to willful injury.

Monica Perkins, who tried to protect Daughenbaugh from the mob by shielding him with her body. Perkins did not identify Russell in her police interview or deposition but testified at trial that she saw him stomp on Daughenbaugh's head.

Russell applied for PCR, raising three claims of ineffective assistance of counsel that concern the eyewitness-identification evidence. He claimed his attorneys were ineffective: (1) by failing to retain an identification expert to rebut the State's witnesses, (2) in cross-examining a police detective about the statements T.T. made during her interview, and (3) by telling the jury in the opening statement that there would be no eyewitness testimony to connect him to Daughenbaugh's murder. Russell argued he was prejudiced by the cumulative effect of these errors. He also asserted actual innocence by presenting two witnesses who testified at the PCR trial that he did not strike Daughenbaugh. The PCR court denied relief, and Russell appeals.

## II. Ineffective Assistance of Counsel.

To succeed on a claim of ineffective assistance of counsel, Russell must show (1) his trial counsel failed to perform an essential duty and (2) that performance prejudiced him. *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). A breach of duty occurs when "counsel's representation [falls] below an objective standard of reasonableness." *Id.* (alteration in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Prejudice occurs if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* (quoting *Strickland*, 466 U.S. at 694). We may affirm if Russell fails to prove either a breach of duty or prejudice. *See id.*

We begin with Russell's claim that competent counsel would have secured an expert on eyewitness identification to rebut his identification by Perkins and T.T. He speculates that an expert could have provided "a framework for the jury as to how discrepancies in the testimony should be used." As the PCR court noted, counsel could not have expected that Perkins would identify Russell at trial after failing to identify him in her deposition or police interview. But regardless, whether Russell could locate favorable expert testimony and what that testimony would be are matters of speculation that do not support a finding of prejudice. *See King v. State*, 797 N.W.2d 565, 572 (Iowa 2011) (stating the likelihood of a different result "must be substantial, not just conceivable"); *Luke v. State*, 465 N.W.2d 898, 902 (Iowa Ct. App. 1990) (finding PCR applicant failed to show prejudice based on speculation about potential witnesses' testimony).

Russell's claim that counsel was ineffective in cross-examining the detective about T.T.'s identification fails for the same reason. Russell suggests that police coerced T.T.'s identification and argues counsel should have explored the matter by asking about the interview's length, the number of breaks offered, and the amount of pressure exerted on T.T. Because the record does not include answers to these questions, Russell's suggestion is based on mere speculation.

We turn to Russell's claim that his counsel was ineffective for telling the jury that no witness would identify him as one of Daughenbaugh's attackers. During opening statement, Russell's counsel told the jury there was no physical evidence to connect Russell to the crime. Counsel then stated:

> And regarding eyewitness testimony, the eyewitness testimony will support that once that fight broke out Yarvon Russell was with a group that hightailed it to their van to get the heck out of

> there. *There's not one, not a single eyewitness who clearly and concretely remembers seeing Yarvon Russell strike Richard Daughenbaugh. Not one.* And so at the end of this case it will be clear that Yarvon Russell was present at that party but did not participate in this action against Richard Daughenbaugh.

(Emphasis added.) At the time, Perkins had never identified Russell as one of the attackers. Although counsel knew that T.T. identified Russell in police interviews, he believed the statement was inadmissible hearsay.[2] The PCR court agreed that counsel made "a bold promise" during the opening and noted the possibility that T.T.'s statements would be admitted. But even if counsel made a strategic error during opening, that cannot by itself establish counsel breached a duty. *See State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018) ("Crafting a trial strategy is inherently difficult, so we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" (citation omitted)). "More is required than a showing that counsel's trial strategy backfired or the case would have been tried differently by another attorney." *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020).

Even if we assume counsel's performance during the opening statement fell below that of a competent practitioner, Russell fails to show prejudice. The trial court instructed the jury that the lawyers' statements and arguments were not evidence on which it could base its verdict. Perkins's in-court identification and T.T.'s identification during police interviews establish Russell's guilt, not counsel's

---

[2] Counsel moved in limine to exclude the statements made to police, but the trial court reserved ruling until the evidence was presented at trial. It was not until T.T. denied remembering the attack and was declared unavailable as a witness that the trial court allowed the detective to testify about T.T.'s statements in police interviews.

claims during opening statement. *See, e.g.*, *State v. Musser*, 721 N.W.2d 734, 756 (Iowa 2006) (finding defendant failed to show he was prejudiced by counsel's failure to object to prosecutorial misconduct during opening and closing statements, noting the evidence of defendant's guilt and the trial court's instruction that statements and arguments by the lawyers are not evidence).

Finally, we turn to the question of cumulative error. *See State v. Clay*, 824 N.W.2d 488, 501–02 (Iowa 2012) ("If the defendant raises one or more claims of ineffective assistance of counsel, and the court analyzes the prejudice prong of *Strickland* without considering trial counsel's failure to perform an essential duty, the court can only dismiss the postconviction claim if the alleged errors, cumulatively, do not amount to *Strickland* prejudice."). We found two of Russell's three ineffective-assistance claims too speculative to find prejudice. Even aggregating all three alleged errors, we do not find a reasonable probability that the result would have changed if counsel had performed differently.

### III. Actual Innocence.

Russell also claims actual innocence. To succeed, Russell must present "clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence." *Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). Russell offered the testimony of two individuals who did not testify at his trial: Aalonzo Hayes and Kent Tyler. Both testified that Russell was at the gathering on the night Daughenbaugh died but did not take part in the attack.

The PCR court denied Russell's PCR application after finding the evidence he presented in support of his actual-innocence claim was not newly discovered under *Jones v. Scurr*, 316 N.W.2d 905, 907 (Iowa 1982).

> The applicant must show: 1) the evidence was discovered after judgment.  He may not rely on evidence discovered after trial but before judgment unless he establishes an excuse for not having raised the issue in a motion for new trial; 2) the evidence could not have been discovered earlier in the exercise of due diligence; 3) it is material to the issue, not merely cumulative or impeaching; and 4) it would probably change the result if a new trial is granted.

*Jones*, 316 N.W.2d at 907.  The PCR court noted that both witnesses were known before judgment with Hayes listed as a defense witness at trial and Tyler at first charged as a co-defendant.  *See id.* at 910 (holding unavailable testimony from a co-defendant is not newly discovered evidence).

Russell argues the PCR court erred by applying the standard for newly discovered evidence under Iowa Code section 822.2(1)(d) (2017) (allowing PCR if "[t]here exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice").  The supreme court in *Schmidt* held that "subsections 822.2(1)(a) and (d) provide avenues for freestanding actual-innocence claims."  909 N.W.2d at 798.  Although the issue has not been decided, one dissenter suggests that a PCR applicant could raise an actual-innocence claim under section 822.2(1)(a) (providing PCR if a "conviction or sentence was in violation of the Constitution of the United States or the Constitution or laws of this state") without new evidence.  *Schmidt*, 909 N.W.2d at 823–24 (Mansfield, J., dissenting) (noting that unless newly discovered evidence is needed to avoid the three-year time bar on PCR claims set out in

section 822.3, "[a] mere denial of guilt is enough to get new counsel appointed and get the ball rolling" on an actual-innocence claim).

But the PCR court found Russell's actual-innocence claim also fails because there is no showing "that either or both witnesses would have changed the result at trial." The court noted that at Russell's trial, at least two witnesses testified Russell was not involved in the attack and others testified that he "was at his vehicle so quickly after the start of the assault that he could not have been involved." It also noted there are credibility concerns because Tyler participated in the crime by throwing the first punch and Hayes was on supervision for a criminal offense at the time of trial. Finally, the court found discrepancy in their accounts of Russell's location during the assault. For the same reasons, we agree that Russell has not shown by clear and convincing evidence that no reasonable fact finder could convict him. Because Russell has not proved his actual innocence, we affirm the denial of his PCR application.

**AFFIRMED.**