# IN THE COURT OF APPEALS OF IOWA

No. 23-1330
Filed February 5, 2025

**DEAN MARTEZE PORTER, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, John Telleen, Judge.

Dean Porter appeals the dismissal of his application for postconviction relief, raising new legal arguments never presented to the district court. **AFFIRMED.**

Chris Raker, East Dubuque, Illinois, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Ahlers, P.J., Sandy, J., and Mullins, S.J.*  Telleen, S.J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**MULLINS, Senior Judge.**

On May 15, 2015, Jerome Gates was attacked and robbed in a residential area of Davenport, Iowa. The State accused Dean Porter of the crime, charging him with first-degree robbery and assault while participating in a felony. At a bench trial, Gates identified Porter as one of his assailants. He testified that Porter and another man had just boarded Gates's vehicle for a ride to the mall when, at Porter's signal, the accomplice began choking Gates from the backseat and bludgeoning him with a gun. According to Gates, Porter took money from Gates's pockets while Gates struggled with the backseat attacker. The police found Gates with torn clothing and a bloodied head.

Porter told a different story. He testified that he was driving home from work when he saw Gates and a man known as "Suave" near the scene of the robbery. On Porter's account, Gates waved Porter down and Porter pulled over for a conversation. Porter testified that he then observed an apparent drug transaction between Gates and a fourth party, after which Gates left with Suave and Porter went his separate way. The trial court discredited Porter's version of events and found him guilty as charged under aiding-and-abetting and joint-criminal-conduct theories. *See* Iowa Code §§ 703.1, .2 (2015). On direct appeal, Porter challenged the sufficiency of the evidence. We affirmed. *See State v. Porter*, No. 16-0328, 2016 WL 7403766 (Iowa Ct. App. Dec. 21, 2016).

In 2019, Porter applied for postconviction relief ("PCR"), asserting in part that the trial court "made mistakes regarding [his] testimony" and that "there was

no motion by trial counsel to reconsider . . . or enlarge" those findings. Porter's argument focused on the following language from the trial court's underlying order:

> Porter went on to testify on May 15, the date of the robbery, Gates was traveling on Arlington Avenue and that he stopped to have a conversation with Porter. Porter testified in the vehicle along with Gates was an individual known as "Suave." . . . Porter testified, [a fourth man] drove up upon the location and delivered a Crown Royal bag to Gates containing ecstasy in the bag.

The trial court found it was "preposterous to think [Gates' alleged drug associate] just happened upon the location and delivered such a bag to Gates when Gates had just been driving by according to Mr. Porter's testimony." But undisputedly, the trial court was mistaken on this point. Porter testified that *he* stopped for a conversation with Gates, not vice versa.

In his PCR proceedings, Porter argued that the trial court's misstatement of his testimony—and his counsel's failure to take corrective action—influenced the trial court's credibility determination and prejudiced the outcome of his case. The PCR court agreed that the cited language was errant, but it reasoned "an isolated error in the recitation of the testimony" did not entitle Porter to re-litigate the sufficiency of the evidence. Even so, the PCR court rejected Porter's argument on the merits, finding Porter suffered no prejudice because the trial court's decision to credit Gates was supported by other substantial evidence.[1]

Porter now appeals the denial of postconviction relief. But rather than challenging the PCR court's decision on the credibility issue, he presents a new

---

[1] Porter's amended PCR application raised several other claims of ineffective assistance related to his trial counsel's fact investigation, presentation of evidence, deposition performance, and legal advice. The district court rejected each of those claims in dismissing Porter's application, and Porter has abandoned them on appeal.

set of legal arguments questioning the sufficiency of the evidence. Porter contends that the State failed to prove the specific intent necessary to aid and abet a first-degree robbery, *see State v. Henderson*, 908 N.W.2d 868, 876 (Iowa 2018), and that it failed to establish a "different crime" supporting joint-criminal-conduct liability, *see State v. Countryman*, 572 N.W.2d 553, 561 (Iowa 1997). He also suggests his robbery and assault convictions should have merged. *See* Iowa Code § 701.9. Porter concedes that "counsel did not specifically raise" any of these arguments in his PCR proceedings. Nevertheless, he asks us to evaluate his arguments "through the lens[] of ineffective assistance."

We review ineffective assistance of counsel claims de novo. *Sothman v. State*, 967 N.W.2d 521, 522 (Iowa 2021). But just as on direct appeal, we generally consider only those claims that were first presented to the PCR court. *Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022). Porter's new legal arguments weren't. He did not raise them in his original PCR application, amended application, or PCR hearing brief. Nor were they discussed at the PCR hearing or considered by the district court in its order denying relief. Although Porter argues that the ineffective assistance of his trial counsel prevented him from raising these legal arguments in his underlying criminal case, that does not excuse his failure to raise them in his PCR application.

To the extent we might interpret Porter's appellate brief to argue his *PCR* counsel was ineffective for failing to raise certain claims of ineffective assistance by trial and direct appeal counsel, those claims were likewise not raised or decided by the district court. Although there is an exception to our ordinary preservation rules for claims of ineffective assistance by PCR counsel, we only entertain such

claims raised for the first time on appeal if the record is adequate and no prejudice would result to any party. *Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018). There is no record before us to explain why Porter's PCR counsel declined to raise the claims he now asserts. *See Luke v. State*, 465 N.W.2d 898, 903 (Iowa Ct. App. 1990) (noting effective assistance does not require counsel "to raise every nonfrivolous issue urged by the client"). And because it is not clear from Porter's briefing whether he alleges ineffective assistance by PCR counsel, the State did not have a fair opportunity to respond. Thus, we decline to reach any such claim. *See Goode*, 920 N.W.2d at 526–27 (declining to entertain a claim of ineffective assistance of PCR counsel for lack of an adequate record).

Because Porter's new claims of error are not preserved, and because he makes no challenge to the district court's rulings on the questions presented in his PCR proceedings, we are left with nothing to review. We therefore summarily affirm denial of postconviction relief.

**AFFIRMED.**