# IN THE COURT OF APPEALS OF IOWA

No. 23-1213
Filed April 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CARL ERNEST SCHARFF,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Richard D. Stochl, Judge.

A defendant appeals his conviction for operating while intoxicated, arguing the district court erroneously excluded evidence. **AFFIRMED.**

Des C. Leehey, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., Buller, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**VOGEL, Senior Judge.**

After receiving an anonymous tip that a car was swerving as it drove away from a bar, a sheriff's deputy located the vehicle and trailed it down the road. The deputy then observed the car swerve multiple times—each time crossing into or across the center line—prompting the deputy to pull over the vehicle. A second deputy soon arrived on the scene. The driver, Carl Scharff, was slow to produce his license and registration. Scharff acknowledged he had three cocktails that evening. A deputy asked Scharff to step out of the vehicle and perform field sobriety tests. Based on Scharff's bloodshot eyes and his difficulty performing the tests—exhibiting delayed conduct and struggling to follow instructions—the deputies transported Scharff to the sheriff's office. Scharff was later charged with operating while intoxicated, in violation of Iowa Code section 321J.2(2)(a) (2019).

Shortly before trial, the State moved in limine to exclude evidence relating to a former local police officer. Scharff argued that the deputies in this case may have been harboring ill will toward him for playing a role in getting that former local officer terminated some ten years ago, and that the jury should hear about their possible motives while testifying. Yet Scharff conceded that he was not disputing the validity of the traffic stop, nor was he seeking to suppress any evidence relating to it. The court therefore granted the State's motion from the bench, explaining:

> The court finds that there's no relevance to that issue and none of that will be discussed during trial. If the defendant chooses during his testimony to bring it up, he's going to open doors that I don't think he wants to kick open which could include his prior criminal history. So be aware of that, Mr. Scharff, if you bring up those issues, why would the police department be against you, any prior convictions, any prior law enforcement involvement would certainly become relevant and this jury will hear about that.

Scharff's case proceeded to trial and a jury found him guilty as charged.

Scharff now appeals, arguing the district court erroneously excluded any discussion of the former police officer during his trial.[1]  As a threshold matter, the State contests error preservation.  The State argues the in-limine ruling was merely conditional, as after the court held "none of that will be discussed during trial," the court went on to advise Scharff that bringing up the issue during his testimony would likely open the door to his prior criminal history.  The State thus argues Scharff's failure to renew the issue during trial precludes appellate review.  *See State v. Thoren*, 970 N.W.2d 611, 621 (Iowa 2022).  Scharff, conversely, points to the definitive language in the court's ruling, which barred cross-examination of the deputies about the officer, and the court's later admonition during his testimony that he had been "directed not to enter into those subjects."  *See id.* (explaining "a final ruling" on admissibility "need not be questioned again during trial" (citation omitted)).

On this record, we assume without deciding the court's in-limine ruling was a definitive, final ruling after which the court spoke directly to Scharff, warning him of the consequences of violating the ruling.  Even so, Scharff's appeal is also undermined by his failure to make an offer of proof.  *See In re Marriage of Daniels*, 568 N.W.2d 51, 55 n.2 (Iowa Ct. App. 1997) ("[W]e recognize an offer of proof is necessary to preserve error in the exclusion of evidence.").  Scharff did not offer any information about the discharged local police officer, what occurred years

---

[1] Scharff also raises a constitutional argument for the first time on appeal, arguing the court's in-limine ruling deprived him of his constitutional right to cross-examination.  However, Scharff never made any constitutional arguments below, which precludes appellate review.  *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003).

earlier, or the deputies' knowledge as it pertained to Scharff's possible role in the discharge. Without that offer of proof, we are severely hamstrung in our ability to review claims of error. *See State v. Lange*, 531 N.W.2d 108, 114 (Iowa 1995) ("This court considers offers of proof so important that we require them to preserve error. We will not presume prejudice when the answer to the question is not obvious and the proponent made no offer of proof."). Still, assuming without deciding Scharff adequately preserved this claim, we proceed to the merits.[2]

Only relevant evidence is admissible. Iowa R. Evid. 5.402. Evidence is relevant if "[i]t has any tendency to make a fact more or less probable than it would be without the evidence" and that "fact is of consequence in determining the action." Iowa R. Evid. 5.401. "Whether the necessary minimum level of logical connection between the offered evidence and the fact to be proven exists is a legal question lying within the broad discretion of the trial court." *State v. Thompson*, 954 N.W.2d 402, 407 (Iowa 2021) (citation omitted). To that end, we will not disturb an evidentiary ruling unless "the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019) (cleaned up).

Here, Scharff argues evidence relating to the discharged local police officer is relevant because it would show the deputies harbored biases against him, assuming they knew of Scharff's role in the discharge. We disagree. To convict Scharff, the jury need only find Scharff (1) operated a motor vehicle (2) while under

---

[2] Significantly, the State contested error preservation solely based on the finality of the district court's in-limine ruling. The State makes no argument that Scharff's failure to make an offer of proof should preclude appellate review in this case.

the influence of alcohol. *See* Iowa Code § 321J.2(2)(a). Evidence relating to Scharff's prior involvement with a police officer—who did not effectuate this traffic stop—does not make it more or less probable he was under the influence of alcohol while driving home from the bar. Because Scharff was not disputing the validity of the stop or seeking to suppress any evidence relating to it, the district court reasonably found Scharff's assertions as to the deputies' possible motives were immaterial.

We also see no prejudice from the court's exclusion. *State v. Armento*, 256 N.W.2d 228, 229–30 (Iowa 1977) (noting the importance of cross-examining State witnesses yet affirming the conviction because defendant was not prejudiced by the evidentiary ruling). During the trial, the jury watched dash camera footage of Scharff veering across the center line multiple times while driving. The jury also watched body camera footage of the traffic stop, showing Scharff refusing to show he could walk in a straight line or balance on one leg, citing ankle and leg injuries; failing to accurately recite the alphabet starting with H, becoming upset and saying it was a "trick question"; and being unable to count backwards from forty-seven to twenty-four, at times counting forwards, reciting the thirties twice, and repeating many digits. None of that objective evidence indicating impairment is undermined by Scharff's prior history with a local police officer. Thus, the district court did not abuse its discretion by finding no relevance of Scharff's possible involvement with the termination of a police officer years earlier and thereby excluding such evidence from trial.

**AFFIRMED.**