# IN THE COURT OF APPEALS OF IOWA

No. 22-1233
Filed July 3, 2024

**DEVARIS MARQUIS PERRY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

DeVaris Perry appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden (until withdrawal) and Anagha Dixit, Assistant Attorneys General, for appellee State.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

DeVaris Perry appeals the denial of his application for postconviction relief (PCR) from his convictions for attempted murder, intimidation with a dangerous weapon with intent, and reckless use of a firearm resulting in property damage. He contends his trial attorneys were ineffective by failing to move to suppress incriminating statements he made while in custody. He also contends they were ineffective in cross-examining a witness. Because the record does not show that counsels' performance was constitutionally deficient, we affirm.

Perry's convictions stem from a 2016 shooting in Des Moines. The State alleged that Perry was a passenger in a vehicle driven by Kyara Stogner when he opened fire on a vehicle driven by Tyrone Cameron. We affirmed his convictions on direct appeal but preserved claims of ineffective assistance of trial counsel for a future PCR proceeding. *State v. Perry*, No. 17-0753, 2019 WL 1300205, at *6 (Iowa Ct. App. Mar. 20, 2019). Perry applied for PCR in 2019, but the PCR court denied his application after trial. On appeal,[1] Perry reasserts two claims of ineffective assistance of counsel.

We review PCR proceedings for correction of errors at law, *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019), and claims of ineffective assistance of counsel de novo, *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). To succeed on a claim of ineffective assistance of counsel, a PCR applicant must show (1) counsel

---

[1] After transfer to our court, Perry filed several pro se documents. We do not consider them. *See* Iowa Code § 822.3A ("Except as otherwise provided in subsection 3, an applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings.").

breached an essential duty and (2) that breach prejudiced the applicant. *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). "To establish the first prong, the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Id.* at 143. Prejudice occurs if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). We can affirm if an applicant fails to prove either prong. *See Lado*, 804 N.W.2d at 251.

Perry contends his trial attorneys were ineffective by failing to move to suppress statements he made to law enforcement during a custodial interrogation. He argues the statements were coerced by a police detective during a phone call one day earlier. During that call, the detective told Perry that if Perry did not agree to an interview, he would put "all those young, rookie, police officers on third watch out to look for [him]" and tell them that Perry was armed and dangerous. The detective referred to an incident during which a Chicago police officer shot Perry twice, stating that Perry "already [had] issues with Chicago PD, [so] let's not have issues with Des Moines PD." Perry interpreted the detective's statements to mean that he would be harmed if he did not agree to an interview. The next day, Perry went to the police station and spoke with the detective after receiving a *Miranda* warning. During the interview, Perry admitted he shot at Cameron.

A defendant's statements are admissible only if the State shows by a preponderance of the evidence that they were voluntary. *State v. Payton*, 481

N.W.2d 325, 328 (Iowa 1992). "Statements are voluntary if they were the product of an essentially free and unconstrained choice, made by the defendant whose will was not overborne or whose capacity for self-determination was not critically impaired." *Id.* In determining whether the defendant's statements were voluntary, we consider the totality of the circumstances. *Id.* When viewing the totality of the circumstances, we consider factors related to the defendant, like age, experience with the criminal justice system, intellectual capacity, state of intoxication, ability to understand and answer questions, and physical and emotional reaction to interrogation. *Id.* We also consider the circumstances of the interrogation, including its length, the use of deception or inducement, and whether it involved physical punishment like deprivation of food or sleep. *Id.* at 328–29.

The PCR court concluded that the detective's statements the day before the interview did not render Perry's statements inadmissible because "[t]he relevant factors weigh in favor of the confession being voluntary." The court noted:

> Perry is an adult, who is familiar with the criminal justice system, received *Miranda* warnings, no deception nor physical punishment was employed during the interrogation, Perry was able to follow the questioning, and Perry was questioned for under two hours. Perry was provided his *Miranda* rights after he turned himself in. Perry could have turned himself in to avoid the concern about how he would be treated by police officers and then still have chosen to invoke his right to remain silent or demanded an attorney prior to questioning. Even if the threats made by [the detective] over the phone coerced Perry to come to the police station, there is no evidence of coercion to speak to police in violation of *Miranda* rights once he came to the station.

Although the court found that the detective's statements during the call with Perry were "inappropriate and unprofessional," it determined that the totality of the circumstances did not require suppressing the statements.

On de novo review, we reach the same conclusion as the PCR court. During their phone call, the detective insinuated that Perry could be harmed if he did not agree to meet with the detective, which influenced Perry's decision to come to the police station the next day. But once Perry was at the police station, there was no longer any risk of inexperienced officers taking Perry into custody. Perry's lead trial attorney has nearly thirty years of experience in private practice and has handled well over 2000 criminal cases. He testified that based on his familiarity with the law on coerced confessions, he believed there was insufficient legal basis for suppressing Perry's statements based on the break in time between the call and the interview.

The circumstances show Perry's statements were voluntary. Before the interview, Perry was informed of his right to remain silent. He disregarded that right without coercion from physical punishment, threats, or promises of leniency. Because Perry's statements were voluntary, there is no reasonable likelihood that the trial court would have granted a motion to suppress. Thus, counsel had no duty to move to suppress them. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit."). Regardless, Perry cannot show prejudice considering the overwhelming evidence of his guilt.

Perry also contends his trial attorneys were ineffective in cross-examining Stogner at trial. He claims they failed to question her about inconsistencies in her statements and conflicting evidence presented at trial. He also claims his trial counsel failed to question Stogner adequately about being untruthful with law enforcement and any agreement she made with the State in exchange for her testimony. In denying relief on this ground, the PCR court noted that counsel

challenged Stogner's credibility at trial and found Perry "is simply suggesting other ways [counsel] could have challenged [Stogner]'s credibility."

How counsel examines witnesses during trial is usually a matter of trial strategy. *See, e.g.*, *State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996) ("Counsel did not breach any essential duty to the defendant by failing to pose specific cross-examination questions defendant would prefer him to ask."); *State v. Risdal*, 404 N.W.2d 130, 133 (Iowa 1987) (holding that "defendant's attorney made a judgment call concerning how best to use cross-examination to discredit the prosecution witness"); *State v. Palmer*, 569 N.W.2d 614, 618 (Iowa Ct. App. 1997) (rejecting a claim that counsel was ineffective for failing to recall a witness as a tactical judgment). "When counsel makes a reasonable decision concerning strategy, we will not interfere simply because the chosen strategy is unsuccessful." *State v. Losee*, 354 N.W.2d 239, 243 (Iowa 1984). The question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* (quoting *Strickland*, 466 U.S. at 687).

Perry has not shown his trial counsels' performance fell below that of competent attorney. As the PCR court noted, his attorneys raised the issues Perry complains about in his PCR application. Counsel was not required to point out "every possible discrepancy or inconsistency in [Stogner]'s various statements" and "impeach [her] on every possible point or in every possible way." *Luke v. State*, 465 N.W.2d 898, 902–03 (Iowa Ct. App. 1990). His counsel questioned Stogner about her inconsistent statements, memory issues, and dishonesty with police. The record before us shows that counsel performed competently. *See id.*

at 903 (finding counsel's performance "quite competent" where counsel "presented substantial impeaching evidence, clearly brought out that [the witness] had lied on numerous occasions when under oath, presented evidence concerning numerous inconsistencies and discrepancies in [the witnesses] testimony, and presented evidence from which the jury could find [the witness] had a motivation to lie").

Because Perry has not proved he received ineffective assistance from his trial counsel, we affirm the denial of his PCR application.

**AFFIRMED.**